UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK SULLENBERGER,

        NO. CIV. S-08-2285 LKK/GGH

    Plaintiff,

  v.                             O R D E R

TITAN HEALTH CORPORATION and
DOES 1 through 30, inclusive,

    Defendants.

_____/

    Plaintiff is an former employee of defendant Titan Health Corporation. He has brought suit for discrimination in employment against an Army reservist, under 38 U.S.C. §§ 4301-4333 and the California Military and Veterans' Code § 394, and for wrongful termination in violation of public policy. Pending before the court is defendant's motion to compel. The court resolves the motion on the papers and after oral argument. For the reasons stated herein, the motion is denied.

////

////

1

# I. BACKGROUND AND ALLEGATIONS OF THE COMPLAINT[1]

On July 27, 2007, plaintiff was hired by defendant and on that date, he was given documents by the defendant's human resources representative to sign. Declaration of Kirk Sullenberger In Support of Plaintiff's Opposition to Motion to Compel Arbitration ("Sullenberger Decl.") ¶ 4. Among these were three documents that discussed arbitration. See Declaration of Marjan Phillips In Support of Petition to Compel Arbitration ("Philips Decl.") ¶ 3, Ex. C.

The first is a document that states at the top of the page, in large bold-faced letters, "Please Read Carefully, Initial Each Paragraph and Sign Below." Id. This document contains four paragraphs, each apparently initialed by the plaintiff. See id. The third paragraph provides,

> I hereby agree to submit to binding arbitration all disputes and claims arising out of the submission of this application. I further agree, in the event that I am hired by Titan Health Corporation, that all disputes that cannot be resolved by informal internal resolution which might arise out of my employment with Titan Health Corporation, whether during or after that employment, will be submitted to binding arbitration. I agree that such arbitration shall be conducted under the rules of the American Arbitration Association. This application contains the entire agreement between the parties with regard to dispute resolution, and there are no other agreements as to dispute resolution, either oral or written.

Id. This document was apparently signed by plaintiff and dated July 27, 2009. Id. It was not signed by a representative of defendant,

---

[1] The allegations described herein derive from the First Amended Complaint and are taken as true for the purposes of this motion only.

2

nor was there a signature line for any other persons. Id.

The second form tendered to the court that discusses arbitration is entitled, "Employment At-Will and Arbitration Comprehensive Agreement." Id. This document contains four paragraphs, the second of which describes arbitration. Id. It provides,

> I agree voluntarily agree that any claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and harassment, whether they be based on state or federal laws or regulations) which would otherwise require or all resort to any court or other governmental dispute resolution forum between myself and the Company (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) arising from, related to, or having a relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company, whether based on tort, contract, statutory or equitable law, or otherwise, (with the sole exception of claims arising under the National Labor Relations Act . . . , claims for medical or disability benefits . . . and claims for unemployment) shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the applicable state law.

Id.

The document further provides that the arbitrator would be a retired state judge, subject to disqualification in the same grounds as apply to sitting state judges. Id. All rules of pleading, evidence, resolution of the dispute on summary judgment or judgement on the pleadings would apply to the extent applicable in state court. Id. The arbitrator's decision must be based on controlling law and must be issued as a written opinion. Id. Within ten days of the issuance of the opinion, either party may request review of the decision by a second arbitrator, who will conduct

review in accordance with the state's appellate laws and procedures. Id. The paragraph concludes with the following, in capital letters and bold-face type: "I understand that by voluntarily agreeing to this binding arbitration provision, both the company and I give up our rights to trial by jury." Id. It is signed and dated July 27, 2007 by plaintiff. Id. The form contains no other signature line nor other signature. See id.

The third document is titled, "Employees Handbook / Alternative Dispute Resolution Acknowledgment And Agreement." Id. It contains the following paragraph,

> **Company Alternative Dispute Resolution Program**
> I also acknowledge and agree that in the event employment disputes arise between the Company, and me I will be bound by the Company Alternative Dispute Resolution Program, which provides for final and binding arbitration for disputes relating to termination of employment, unlawful discrimination, and alleged sexual harassment or other unlawful harassment, as defined by the Company Alternative Dispute Resolution Program.

Id. The form also provides, "I acknowledge that, except for the policy of at-will employment, the Company reserves the right to revise, delete and add to provisions of the Employee Handbook. All such revisions, deletions, or additions must be made in writing and must be signed by the President of Titan Health Corporation." Id. This form is signed and dated July 27, 2007 by plaintiff. Id.

Plaintiff has declared that these documents were presented to him among other documents by defendant's human resources representative, who "told [him] that [he] needed to sign all of the documents right then, in her presence, or [he] would not be hired." Sullenberger Decl. ¶ 4. According to plaintiff, he was not told

4

what these documents were and that they included an arbitration agreement that would result in his loss of a right to a jury trial. Id. ¶ 6. Plaintiff has declared that he was not given the opportunity to negotiate the terms of the Arbitration Agreement and that he understood that he had no choice but to sign the documents in order to commence his employment with defendant. Id. ¶ 7.

According to the complaint, plaintiff's employment was terminated on July 25, 2008. In the instant suit, he asserts causes of actions against defendant for discriminated ion in employment against an Army reservist, under 38 U.S.C. §§ 4301-4333 and the California Military and Veterans' Code § 394, and for wrongful termination in violation of public policy.

Defendant has tendered unrebutted evidence that plaintiff's counsel initially expressed willingness to resolve the suit through binding arbitration or the court's Voluntary Dispute Resolution Program, but subsequently communicated to defendant that plaintiff was unwilling to do so.

**II. STANDARD FOR A MOTION TO COMPEL ARBITRATION**

A party to an arbitration agreement may move to compel arbitration when the other party "unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate[.]" PaineWebber, Inc. v. Faragalli, 61 F.3d 1063, 1066 (3rd Cir. 1995); 9 U.S.C. § 4. The petition to compel must be supported by an independent basis for federal subject-matter jurisdiction under Title 28 to be brought in federal court, such

as diversity of citizenship. <u>Southland Corp. v. Keating</u>, 465 U.S. 1, 15 n. 9. Once these requirements are met, and if the court is satisfied that the agreement covers the dispute in question and a valid agreement to arbitrate exists, the court must issue an order directing the matter to arbitration. 9 U.S.C. § 4; see also <u>Chiron Corp v. Ortho Diagnostic Sys., Inc.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000) (the Court's role is limited to determining whether a valid agreement to arbitrate exists and whether the agreement encompasses the dispute at issue).

### III. ANALYSIS

Defendant moves to compel arbitration for plaintiff's claims, asserting that plaintiff is required to submit his dispute to binding arbitration in accordance with the agreements he signed on July 27, 2007. Plaintiff opposes arbitration on the grounds that the agreements are unconscionable and because defendants waived their right to compel arbitration.

The Federal Arbitration Act (FAA) governs arbitration agreements that concern interstate commerce. 9 U.S.C. § 2. The purpose of the FAA is to "place such agreements upon the same footing as other contracts," and thus represents Congress's intent to favor the enforceability of arbitration agreements. <u>Volt Information Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior University</u>, 489 U.S. 468, 474-75 (1989) (internal citations omitted). Because the crux of the FAA is to ensure the enforcement of valid arbitration agreements, valid choice of law provisions within the agreement should be honored. <u>Id.</u> at 472. Generally

courts apply state contract law in determining the enforceabililty of an arbitration agreement that falls within the ambit of the FAA. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1170 (9th Cir. 2003).

Here, the parties do not dispute that the FAA applies, although there has been no evidence tendered establishing that the agreements at issue concern interstate commerce. The High Court has held, however, that the FAA applies to all employment contracts except those expressly exempted under the statute, which does not apply here. Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001) (seamen, railroad workers, and others employed in foreign or interstate commerce expressly exempted from the FAA because prior statutes had been enacted specific to those industries). Accordingly, the court considers whether the arbitration agreement is enforceable under the FAA.

An arbitration agreement that falls within the ambit of the FAA is unenforceable if it is unconscionable under state law. Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778, 782 (9th Cir. 2002). Under California law, a contract is unconscionable where there are elements of procedural and substantive unconscionability, though each need not be present to the same degree. Id. at 783; Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000). Oppression and surprise are the hallmarks of procedural unconscionability. Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1171 (9th Cir. 2003) (applying

California law). Oppression exists where one party has a weaker bargaining position, precluding him from a meaningful opportunity to negotiate the terms of the contract. Id., citing Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519, 1532 (1997). A contract is substantively unconscionable when its terms are so one-sided as to shock the conscience. Ingle, 328 F.3d at 1172; Kinney v. United HealthCare Serv., Inc., 70 Cal. App. 4th 1322, 1330 (1999).

The facts of the instant case resemble so closely those of Armendariz that that decision appears controlling here. In Armendariz, plaintiffs were employees of defendant who brought suit for harassment and discrimination. 24 Cal. 4th at 91. The defendant sought to enforce an arbitration agreement that had been part of their employment contract. Id. The arbitration agreements had been included in their employment applications and also executed as separate agreements upon their hire. Id. at 91-92. The agreement was signed only by the employee, not by a representative of the employer, and the agreement provided, "I agree as a condition of my employment, that in the event my employment is terminated . . . . I and Employer agree to submit any such matter to binding arbitration . . . ." Id. at 92. The agreement further provided that the only backpay was the exclusive remedy that could be awarded. Id.

The court held that the agreement was unconscionable and therefore unenforceable. Id. at 120-21. It was procedurally unconscionable because it was adhesive, since "it was imposed on employees as a condition of employment and there was no opportunity

to negotiate." Id. at 114-15. "Moreover," the court explained, "in the case of preemployment arbitration contracts, the economic pressure exerted by employers on all but the most sought-after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement." Id. at 115. The court relied in part on Stirlen, 51 Cal. App. 4th at 1532, where the court found that an arbitration agreement included as part of an adhesive employment contract was procedurally unconscionable, notwithstanding that the employee plaintiff was a sophisticated executive with other employment options. Armendariz, 24 Cal. 4th at 116.

The court also concluded that the agreement was substantively unconscionable, as it required only the employee but not the employer to arbitrate claims arising from the employee's termination. Id. at 117. It held that adhesive arbitration agreements made in the employment context require a "modicum of bilaterality," because "it is unfairly one-sided for an employer with superior bargaining power to impose arbitration on the employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee," unless the employer has identified a legitimate business need for the lack of mutuality. Id. at 117. The court summarized, "[A]n arbitration agreement imposed in an adhesive context lacks basic fairness and mutuality if it requires one contracting party, but not the other, to arbitrate all claims arising out of the same transaction or

9

occurrence or series of transactions or occurrences." Id. at 120.

Finally, the court held that the substantive unconscionability of the contract was "compounded" by the limitation on remedies available to the employee. Id. at 121. The court explained that when an agreement purported to require arbitration for an employee's claims related to his statutory civil rights, such as discrimination claims under the Fair Employment and Housing Act, the agreement must provide, at a minimum, the following elements: (1) reference to a neutral arbitrator, (2) provision for more than minimal discovery, (3) requirement that award decision be written to enable judicial review, (4) provision for all of the types of relief that may be awarded by the court, and (5) that the employee must not be required "to pay either unreasonable costs or any arbitrators' fees and expenses as a condition of access to the arbitration forum." Id. at 102-103. The absence of even one of these elements renders the agreement substantively unconscionable. See id.

The agreement in the instant case contains similar deficiencies such that the court concludes that it is unconscionable.

**A. Adhesion**

First, defendant does not dispute that the arbitration agreement was presented to plaintiff on his first day of work, July 27, 2007. Defendant also does not dispute plaintiff's evidence, in the form of his declaration, that the arbitration agreement was among other forms that he was given to sign that day, see

10

Sullenberger Decl. ¶ 4, and that he was not given an opportunity to negotiate any of their terms. Id. ¶ 7. Finally, defendant has not tendered any evidence disputing plaintiff's contention that he understood that he was required to sign the documents in order to begin his employment. Id. Accordingly, the undisputed evidence establishes that, as in Armendariz, the arbitration agreement was adhesive.[2] See Armendariz, 24 Cal. 4th at 114-15.

## B. Lack of Mutuality

Second, the arbitration agreement here lacks mutuality, as it binds only the employee and not the employer. In Armendariz, the agreement, signed by only the employee, provided, "I agree as a condition of my employment, that in the event my employment is terminated . . . I and Employer agree to submit any such matter to binding arbitration . . . ." Id. at 92. Although the arbitration agreement was limited in scope to only claims arising from purportedly wrongful termination, the court held that there must be at least a "modicum of bilaterality" in the requirement to arbitrate those disputes. Id. at 120.

---

[2] In this way, the situation is distinguishable from that of the plaintiff in Madden v. Kaiser Found. Hosp., 17 Cal. 3d 699 (1977), on which defendant relies. There, the plaintiff was a state employee and, by statute, the Board of Administration of the State Employees Retirement System had authority to negotiate medical services contracts for all state employees. Plaintiff's medical insurance agreement contained a provision for arbitration of malpractice claims, which the court concluded was not adhesive because the Board was of equal bargaining strength as the insurer. Id. at 711. The court likened the Board to a union or other representative who enters into collective bargaining agreements on behalf of its members. Id. at 708. Here, there is no evidence of such a representative able to negotiate on plaintiff's behalf for the arbitration agreement.

11

In addition to Armendariz, the court is also guided by Higgins v. Superior Court, 140 Cal. App. 4th 1238 (2006), where the court found an almost identical agreement so lacking in mutuality as to be substantively unconscionable. There, the plaintiffs had signed arbitration agreements drafted by defendants, which stated, "I agree that any and all disputes or controversies arising under this Agreement or any of its terms . . . shall be resolved by binding arbitration." Id. at 1243. The documents were signed and initialed by plaintiffs, but not by any agent of defendants. Id. at 1243-44. The court rejected the defendants' argument that the language of the agreement required all disputes to be arbitrated, not just those brought by plaintiffs, concluding that defendants "miss the point: only one side (petitioners) agreed to that clause." Id. at 1254. Accordingly, the court held that the agreement lacked mutuality and this, taken with the evidence of the adhesive nature of the agreement, rendered it unconscionable. Id.; see also O'Hare v. Mun. Res. Consultants, 107 Cal. App. 4th 267, 277 (2003) ("The arbitration provision's repeated use of the word 'you' to refer to O'Hare is further indication that only his claims but not those of [the employer] are subject to arbitration.")

Similarly, here, the arbitration agreements were only signed by plaintiff and are written almost exclusively in terms of the plaintiff's obligations. See Philips Decl. ¶ 3, Ex. C. at 1 ("I hereby agree to binding arbitration all disputes and claims . . . ."); 2 ("I voluntarily agree that any claim . . . shall be . . . determined exclusively by binding arbitration . . . ."); 3 ("I also

acknowledge and agree that in the event employment disputes arise between the Company, and me I will be bound by the Company Alternative Dispute Resolution program . . . ."). Although one sentence in one of the agreements provides, "I understand by voluntarily agreeing to this binding arbitration provision, both the Company and I give up our rights to trial by jury," see id. at 1, without a signature by an agent of the defendant, it is at best questionable as to whether the agreement would be enforceable against defendant. Instead, as in Higgins, this language does not overcome the defendant's lack of express consent to arbitration such that the plaintiff could compel arbitration of claims brought by defendant against him. See Higgins, 140 Cal. App. 4th at 1254.

Consequently, as the Armendariz court concluded, the arbitration agreement contains elements of procedural unconscionability, because it is an adhesive employment contract, and substantive unconscionability, because only one side agreed to be bound by the arbitration requirement.[3] See Armendariz, 24 Cal. 4th at 120. On this basis alone, the agreement is unenforceable. See id.

**C.  Other Substantive Deficiencies**

Like Armendariz, however, there are additional elements that "compound[]" the substantive unconscionability of the agreement.

---

[3]Although an employer may enforce an arbitration agreement that lacks mutuality on the basis that its "business realities" render complete mutuality unfeasible, see Armendariz, 24 Cal. 4th at 117-18, defendant has not argued that this exception applies here.

13

See Armendariz, 24 Cal. 4th at 121. First, the Armendariz court established that agreements that require arbitration for disputes involving statutory civil rights, such as discriminatory employment practices, must provide for judicial review of a written arbitration decision. Id. at 106-107. Although the Armendariz court declined to set forth what degree of judicial review must be allowed, the arbitration decision must be rendered in writing with sufficiently detailed findings so as to permit a meaningful judicial review of the award. Id. Here, there is no provision in the arbitration agreement for review by a court. See generally Phillips Decl. Ex. C. Defendants encourage the court to interpret the arbitration agreement as incorporating California Code of Civil Procedure §§ 1285, *et seq.*, which provides for judicial review of arbitration decisions. However, the arbitration agreement does not appear to incorporate this code section. Instead, the agreement provides for review of the arbitration award by a second arbitrator. See Phillips Decl. Ex. C. Although the agreement states vaguely that arbitration shall proceed in conformity with state law, the only state law it expressly integrates is that concerning "rules of pleading, . . . all rules of evidence, all rights to resolution of the dispute by means of motions for summary judgment, and judgment on the pleadings." Id. Given that section 1285's review process appears in conflict with the review process set forth in the agreement, it appears that the agreement cannot be fairly interpreted to allow for judicial review of arbitration decisions. See Cal. Civil Code §§ 1638, 1641, 1652; see also Cal.

Civil Code § 1654 ("[T]he language of a contract should be interpreted most strongly against the party that caused the uncertainty to exist.").

The agreement is also substantively unconscionable because it permits the defendant to unilaterally alter its terms. In Ingle, 328 F.3d 1165, the Ninth Circuit applying California law held that a similar provision was substantively unconscionable. There, the defendant employer had included in the arbitration agreement a provision that the employer "may alter or terminate the Agreement" upon notice to employees, but did not vest employees with a similar right. Ingle, 328 F.3d at 1179. The court held that this unilateral right, particularly in light of the adhesive nature of the contract generally, was substantively unconscionable:

> Although the agreement requires Circuit City to provide exiguous notice to its employees of termination or any modification, such notice is trivial when there is no meaningful opportunity to negotiate the terms of the agreement. By granting itself the sole authority to amend or terminate the arbitration agreement, Circuit City proscribes an employee's ability to consider and negotiate the terms of her contract. Compounded by the fact that this contract is adhesive in the first instance, this provision embeds its adhesiveness by allowing only Circuit City to modify or terminate the terms of the agreement. Therefore, we conclude that the provision affording Circuit City the unilateral power to terminate or modify the contract is substantively unconscionable.

Id.

The agreement defendant seeks to enforce here contains a comparably unconscionable modification provision. One of the documents comprising the arbitration agreement, titled "Employee Handbook / Alternative Dispute Resolution Acknowledgment And

15

Agreement," provides, "I acknowledge that, except for the policy of at-will employment, the Company reserves the right to revise, delete and add to provisions of the Employee Handbook. All such revisions, deletions, or additions must be made in writing and must be signed by the President of Titan Health Corporation." Philips Decl. ¶ 3, Ex. C. at 3. It further provides, "I also acknowledged that, except for the policy of at-will employment or a written employment agreement providing otherwise, terms and conditions of employment with the Company may be modified at the sole discretion of the Company with or without cause at any time." Id.

As the Ingle court observed, this provision is entirely unilateral to the benefit of the defendant. Although defendant argues in its reply brief that "there is nothing in the agreement to even remotely suggest that the president can or will [unilaterally modify the agreement] without . . . seeking plaintiff's agreement prior to the proposed modification," the agreement gives the defendant the authority to do just that. The lack of mutuality in this regard is substantively unconscionable. As in Ingle, this coupled with the adhesive nature of the agreement generally results in a contract that is permeated with unconscionability. See Ingle, 328 F.3d at 1179.

Plaintiff's remaining allegations of unconscionability, however, are unfounded. First, plaintiff argues that the agreement is procedurally unconscionable because it provides that the rules of the American Arbitration Association will govern, but does not provide a copy of those rules. The plaintiff relies on Fitz v. NCR

Corp., 118 Cal. App. 4th 702 (2004) and Harper v. Ultimo, 113 Cal. App. 4th 1402 (2003), where courts found that it was procedurally unconscionable for the drafting party to fail to provide the rules governing arbitration to the other party, instead of simply referencing the rules. In both of those cases, however, the rules referenced were unfavorable to the plaintiffs and failure to attach a copy of the rules to the arbitration agreement was the equivalent of hiding an unfavorable provision from the signatory. See Fitz, 118 Cal. App. 4th at 722-23 (referenced rules limited employee's discovery rights); Harper, 113 Cal. App. 4th at 1406 (referenced rules limited available remedies); see also Lucas v. Gund, Inc., 450 F. Supp. 2d 1125 (C.D. Cal. 2006) (interpreting Fitz and Harper similarly). The plaintiff has not shown that the American Arbitration Association rules, referenced in the arbitration agreement, contain provisions that are unfair or inequitable. The mere fact that the arbitration agreement incorporates another document by reference does not constitute procedural unconscionability. See, e.g., Chan v. Drexel Burnham Lambert, Inc., 178 Cal. App. 3d 632, 641 (1986) (collecting twenty-one cases).

Second, plaintiff's argument that the agreement is substantively unconscionable because it is silent as to which party pays costs is not persuasive. Although the agreement does not contain such a provision in its text, it incorporates the American Arbitration Association rules. See Philips Decl. ¶ 3, Ex. C. Those rules provide that in the case of "employer-promulgated plans," which defendant acknowledges applies here, the employer pays the

arbitrator's compensation unless the employee, post-dispute, elects to pay a portion. Declaration of Marjan Phillips in Support of Defendant's Reply to Plaintiff's Opposition to Defendant's Petition to Compel Arbitration ("Phillips Reply Decl.") ¶ 2 Ex. A at 16. The employee is required to pay a filing fee of $150 and the employer is required to pay a $900 filing fee. Id. Because plaintiff has not shown that the arbitration agreement would cause him to pay a type of fee that he would not have to pay had he filed his claim in court, see Armendariz, 24 Cal. 4th at 110, the fee provision is not unconscionable.

Finally, plaintiff argues that the agreement is substantively unconscionable because it operates to waive plaintiff's statutory rights under state and federal anti-discrimination statutes. Plaintiff purports to rely on Armendariz for this contention, although Armendariz does not stand for plaintiff's proposition. Instead, the Armendariz court held that when the plaintiff seeks to vindicate unwaivable statutory rights, such as those created by anti-discrimination statutes, arbitration of that dispute must contain minimum substantive elements such that the arbitration forum resembles a judicial forum. Armendariz, 24 Cal. 4th at 102. These elements are described above and, in fact, plaintiff has relied on some of them in his opposition to defendant's motion. Therefore, there appears no authority for plaintiff's argument that vindication of certain statutory rights may never lawfully occur through arbitration.

Accordingly, the court concludes that the arbitration

agreement in unenforceable as unconscionable. Because the unconscionability, particularly its adhesive nature and lack of mutuality, infect the entire agreement, severance is no cure. See Armendariz, 24 Cal. 4th at 121-27. Defendant's motion is denied.[4]

**IV. CONCLUSION**

For the reasons stated herein, defendant's motion is DENIED.

IT IS SO ORDERED.

DATED: May 20, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] Because the court concludes that the arbitration agreement is unenforceable, it need not reach the question of whether defendant waived its right to enforce the agreement.

19